# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re BENJAMIN JONES and JESSICA TREOLA JONES,<br><br>Debtors. | Chapter 7<br><br>Case No. 2:11-bk-34839-SSC |
| BRIAN MULLEN, CHAPTER 7 TRUSTEE,<br><br>Movant,<br><br>v.<br><br>BENJAMIN JONES and JESSICA TREOLA JONES,<br><br>Respondents. | <br><br><br><br><br><br>MEMORANDUM DECISION ON THE TRUSTEE'S MOTION TO SELL CERTAIN PROPERTY FREE AND CLEAR OF LIENS |

## I. INTRODUCTION

This matter comes before the Court on the Motion of Brian Mullen, the Trustee of this bankruptcy estate, to sell real property located at 9008 N. 2nd Drive, Phoenix, Arizona 85021 ("Property") free and clear of all liens and encumbrances pursuant to 11 U.S.C. § 363(f). Benjamin and Jessica Treola Jones objected to the relief requested, arguing that the Property was not an asset of the bankruptcy estate. The Court held a hearing on the Sale Motion on September

13, 2012.[1] Subsequently, upon notice to the Trustee, the Court requested that the Debtors provide additional estate planning documents that were executed at approximately the same time as the document at issue. The Debtors complied, providing the documents to the Court and the Trustee. Thereafter, the matter was deemed under advisement.

In this Memorandum Decision, the Court has set forth its findings of fact and conclusions of law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure. The issues addressed herein constitute a core proceeding over which this Court has jurisdiction. 28 U.S.C. §§ 1334(b) and 157(b) (West 2012).

## II. FACTUAL BACKGROUND

The Debtor-Husband's grandmother, Mary Alice Jones, executed a beneficiary deed in favor of her grandson on July 16, 2010, and later recorded the deed with the Maricopa County Recorder's office on July 27, 2010. The beneficiary deed, valid under Arizona law pursuant to A.R.S. § 33-405, conveyed, effective on the death of Mary Alice Jones, all right, title and interest in the Property to the Debtor, Mr. Jones. Mary Alice Jones also executed her last will and testament on July 16, 2010. Mary Alice Jones died on December 31, 2011, three days after the Debtors filed their bankruptcy petition.[2]

## III. DISCUSSION

According to the Trustee, the Property is property of the bankruptcy estate under 11 U.S.C. § 541(a)(5). The Trustee contends that the Debtors acquired an interest in the Property on December 31, 2011. Thus, since the Debtors filed their petition on December 28, 2011, they

---

[1] The Trustee filed a response to the Debtor's Objection on September 11, 2012, prior to the hearing.

[2] Although the Court requested all estate planning documents executed by Ms. Jones, the beneficiary deed and will were the only documents produced.

2

became entitled to the Property well within the 180-day limit under § 541(a)(5). The Trustee argues that the Debtors acquired the Property by "devise" because the term, as used in § 541(a)(5) and defined by Arizona law, includes a "testamentary disposition"– "the passing of property upon the death of the owners."

Conversely, the Debtors argue that the Property is not property of the bankruptcy estate because it did not pass to them "by bequest, devise or inheritance" as those terms are defined under Arizona law. They argue that "devise" is used as a verb in § 541(a)(5), and under Arizona law, devise, as a verb, is limited to property that passes by will. Next, the Debtors state that because a beneficiary deed is a non-probate instrument, the Property, though acquired within 180 days of the filing of their petition, did not pass to them "by bequest, devise or inheritance" and is not property of the estate.

### A. **Whether the Property is Property of the Estate Pursuant to § 541(a)(5).**

The law is clear that the filing of a bankruptcy petition creates an estate that consists of all of a debtor's legal and equitable interests in property. 11 U.S.C. § 541; Cusano v. Klein, 264 F.3d 936 (9th Cir. 2001); Chappel v. Proctor (In re Chappel), 189 B.R. 489 (9th Cir. BAP 1995). This broad category includes "any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date... by bequest, devise, or inheritance." 11 U.S.C. § 541(a)(5). Whether an asset is estate property is determined by examining the nature of the asset on the date the bankruptcy petition was filed. In re Schmitt, 215 B.R. 417 (9th Cir. BAP 1997). Although the question of whether an interest claimed by the debtor is "property of the estate" is a question to be decided by federal law, bankruptcy courts must look to state or other applicable law to determine whether, and to

3

what extent, the debtor has any legal or equitable interest in the property as of the commencement of the case. Butner v. United States, 440 U.S. 48, 54-55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); In re Cohen, 300 F.3d 1097 (9th Cir. 2002); In re Pettit, 217 F.3d 1072 (9th Cir. 2000).

There is no dispute that the Debtors acquired the disputed property within 180 days of filing their voluntary bankruptcy petition. The parties differ, however, as to whether Debtors acquired the property "by bequest, devise or inheritance." The case law regarding the inclusion of "transfer on death" (TOD) or "payable on death" (POD) assets in the bankruptcy estate pursuant to § 541(a)(5) is limited. Moreover, these cases are inapposite, as they are from other circuits and they cite to the probate law of states that have different definitions for the term "devise."

The Court must examine the nature of the Debtors' interest in the Property by turning to applicable Arizona state law. The Arizona Probate Code does not define "bequest" or "inheritance." The parties, however, do not dispute that these terms are inapplicable in this case. Instead, the Trustee and Debtors focus their arguments on whether the Property became property of the estate "by devise." The Arizona Probate Code defines "devise" as follows:

> when used as a noun, means a testamentary disposition of real or personal property and, when used as a verb, means to dispose of real or personal property by will.

A.R.S. § 14-1201(West 2012). The relevant section of the Bankruptcy Code uses the term as a noun. Section 541(a)(5) includes, as property of the estate, property acquired "by bequest, devise, or inheritance." While the word "devise" can be used as a noun or a verb, it is clearly

4

used as a noun in this context, since it is the object of a prepositional phrase.[3] Thus, under Arizona law, the Property is a devise, for purposes of § 541(a)(5), if the Debtors acquired the property as a "testamentary disposition." The Arizona Probate Code does not define "testamentary disposition," but Black's Law Dictionary describes it as "a disposition to take effect upon the death of the person making it, who retains substantially entire control of the property until death." DISPOSITION, Black's Law Dictionary (9th ed. 2009). The issue is then whether the beneficiary deed executed by the Debtor's grandmother is a "testamentary disposition."

The state of Arizona first adopted the beneficiary deed in 2001. See CONVEYANCES AND DEEDS, 2001 Ariz. Legis. Serv. Ch. 112 (H.B. 2280) (West 2001); A.R.S. § 33-405. Arizona was one of the first states to allow for a "transfer on death" deed.[4] Uniform Probate Code, Part 4. Uniform Real Property Transfer on Death Act, §§ 6-401 – 6-415. This quick action by the State of Arizona may well explain why the Beneficiary Deed statute was placed in the Title 33, "Property Section," rather than with the rest of the Uniform Probate Code as adopted in Title 14, "Trusts, Estates and Protective Proceedings."

This Court is not aware of any decisions interpreting Arizona's beneficiary deed statute or the treatment of the beneficiary deed in the context of bankruptcy. The Court must instead look to the treatment of other non-probate instruments, trusts in particular, for guidance as to whether the beneficiary deed transfers property to the estate as a testamentary disposition.

---

[3] The preposition is "by" and the phrase is "by bequest, devise, or inheritance." Moreover, the words "bequest" and "inheritance," are clearly nouns. Thus, although "devise" may be used as either a noun or a verb, within the context of the Bankruptcy Code Section § 541(a)(5), devise is a noun.

[4] Indeed, the Uniform Real Property Transfer on Death Act was not promulgated until 2009.

5

While there is no Ninth Circuit case directly on point, the Court finds the reasoning of the case <u>In re Coumbe</u>, 304 B.R. 378 (9th Cir. BAP 2003), persuasive in determining whether an instrument is testamentary in nature. In that case, the Ninth Circuit Bankruptcy Appellate Panel distinguished between testamentary trusts and <u>inter vivos</u> trusts. <u>Id</u>. at 384 – 85. An "<u>inter vivos</u> trust" is a trust that is created and becomes effective during the lifetime of the settlor, while an "testamentary trust" does not become effective until after the death of the settlor. While distributions from an <u>inter vivos</u> trust are not testamentary in nature and not included in property of the bankruptcy estate, income distributions from a testamentary trust are testamentary dispositions that become property of the estate under §541(a)(5). <u>Id</u>. at 384 – 86. The key distinction is that the distributions from testamentary trusts pass to the beneficiary upon the death of the trustor.

The Court finds that the Debtors' acquisition of the Property in this case substantially mirrors the effect of a testamentary trust. The Debtors acquired the Property effective upon the death of Mary Alice Jones. The Property vested in the Debtors at the same time as income distributions would vest in a beneficiary under a testamentary trust. While one could argue that a beneficiary deed is distinguishable from a testamentary trust in that the former can be executed independently of a will, while the latter is created by the terms of a will, such an argument is overly formalistic especially inapplicable under the facts in this case. Here, Mary Alice Jones executed both her will and the beneficiary deed on the same date, July 16, 2010. Ms. Jones, thus, included the beneficiary deed as part of her estate planning. This evidences the requisite intent by Ms. Jones to effect a transfer of property on her death–a testamentary disposition.

Case 2:11-bk-34839-BKM    Doc 91    Filed 12/13/12    Entered 12/13/12 10:13:29    Desc
Main Document    Page 6 of 10

The Debtors cite to the decision of In re Spencer, 306 B.R. 328 (Bankr. C.D. Cal. 2004), for the proposition that the transfer of the Property in this case was not a bequest, devise or inheritance. In Spencer, the trustee argued that the inter vivos spendthrift trust was a testamentary disposition, because the last trustor had died. However, the court determined that the trust was created during the settlor's lifetime, and was used to transfer property while the settlor was still alive. The Court held that the trust was an inter vivos trust, and upheld the spendthrift clause incorporated into the trust. Id. at 331–32. The Spencer decision, thus, does not support the Debtors' position in this case. Moreover, the court decisions which focus on inter vivos trusts will be of limited value to this Court, given the nature of the instrument, a beneficiary deed, that is the subject of the controversy herein.

        Finally, the Spencer decision applied California law in analyzing the nature of the trust. The court cited to the California Probate Code, which defines "devise" as follows:

> when used as a noun means a disposition of real property or personal property by will, and, when used as a verb, means to dispose of real or personal property **by will**.

Cal. Prob. Code § 32 (West 2012) (emphasis added); In re Spencer, 306 B.R. 328, 333 (Bankr. C.D. Cal. 2004). However, the Arizona Probate Code only defines "devise," when used as a noun, to mean a "testamentary disposition" of real or personal property. A.R.S. § 14-1201(13)(West 2012). The Court need not consider the resolution of the issues herein, relying on California law. The will and the beneficiary deed were executed in Arizona, and it is not disputed by the parties that Arizona law governs these instruments. The Arizona Probate Code gives the term "devise" a broader meaning by using "testamentary disposition," if the word is used as a noun. Thus, an instrument, such as a beneficiary deed, may be a testamentary devise, even though it is not a disposition of real property by will. The Court finds that the beneficiary deed is

7

a devise–a "testamentary disposition"–according to Arizona state law, and is, thus, included in the bankruptcy estate pursuant to § 541(a)(5).

The Court also notes that cases cited to by the Debtors, Estate of Muder, 751 P.2d 986, 156 Ariz. 326 (Ariz. App. 1987) and Gonzalez v. Satrustegui, 178 Ariz. 92, 870 P.2d 1188 (Ariz. App. Div. 1 1993), were decided prior to 1994, when substantial changes were made to the Arizona Probate Code. See 1994 Ariz. Legis. Serv. Ch. 290 (H.B. 2536) (West 1994). Indeed, both cases have received negative treatment. The Muder decision was vacated by the Arizona Supreme Court. Matter of Estate of Muder, 159 Ariz. 173, 765 P.2d 997 (1988). More recent opinions have recognized that Gonzalez has been superseded by statute. In re Estate of Jung, 210 Ariz. 202 (Ariz. App. Div. 1 2005); In re Estate of Shain, 2010 WL 569843 (Ariz. App. Div. 1 2010). As such, the Estate of Muder and Gonzalez cases should not be considered by this Court in determining whether a beneficiary deed may be considered a testamentary disposition pursuant to Arizona state law.

### B. Whether the Property is Property of the Estate Pursuant to § 541(a)(1).

As an alternative basis, the Court finds that the Debtors had a contingent interest in the Property that renders it property of the estate pursuant to § 541(a)(1). Under the Bankruptcy Code, the bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). While it has been a somewhat contentious issue for the bankruptcy courts, the term 'property' has been broadly construed most generously and an "interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." In re Neuton, 922 F.2d 1379, 1382 (9th Cir. 1990) (quoting Segal v. Rochelle, 382 U.S. 375, 379 (1966)). Furthermore, there is no requirement that the debtor be able to transfer the interest, or that creditors be able to reach it, for

8

the interest to be part of the estate. In re Ryerson, 739 F.2d 1423, 1425 (9th Cir. 1984); In re Metro. Mortg. & Sec. Co., Inc., 325 B.R. 851, 857 (Bankr. E.D. Wash. 2005) (Section 541 "renders a legal interest in property, property of the estate, and does not require that legal interest to be reduced to a monetary amount nor to be absolute and non-contingent.").

In the instant case, Debtors were to receive the Property upon the death of Mary Alice Jones. Ms. Jones was alive on the date the Debtors filed their bankruptcy petition. Thus, on the petition date, the Debtors' bankruptcy estate did not include actual ownership and control of the Property itself, but it did include whatever interest the Debtors had in the Property. Here, the Debtors had a contingent interest in the Property on the petition date, so the bankruptcy estate also vested with this contingent interest. Unfortunately for the Debtors, that contingency–the death of Ms. Jones–came to pass just days after the Debtors filed their bankruptcy petition. Therefore, the bankruptcy estate's contingent interest in the Property was transformed into a full ownership interest upon the death of Ms. Jones.

### IV. CONCLUSION

Based upon the foregoing, the Court concludes that the Property is property of the estate pursuant to Section 541, Subsections (a)(5) and (a)(1). Therefore, the Court will grant the Trustee's Motion to Sell the Property free and clear of liens. The Trustee is directed to submit an appropriate form of order incorporating this decision, granting the Motion to Sell the Property free and clear of liens, and overruling the Debtors' Objection thereto.

DATED this 13th day of December, 2012.

*[signature]*

Honorable Sarah Sharer Curley
United States Bankruptcy Judge